## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PHL VARIABLE
INSURANCE COMPANY,

              Plaintiff,

v.

JASON MITAN INSURANCE
TRUST JANUARY 2006 AND
WILMINGTON TRUST COMPANY,
TRUSTEE

          Defendants.

C.A. No.: _____

## PLAINTIFF'S COMPLAINT
## FOR DECLARATORY JUDGMENT

     PHL Variable Insurance Company ("Phoenix"), by and through its attorneys, files this Complaint against Jason Mitan Insurance Trust January 2006 (the "Mitan Trust") and Wilmington Trust Company ("Trustee") as follows:

### THE PARTIES

     1.    PHL Variable Insurance Company is a Connecticut insurance company authorized to transact the business of insurance in Delaware.  Phoenix is a citizen of Connecticut within the meaning and intent of 28 U.S.C. §§ 1332 and 1335.

     2.    The Mitan Trust is a statutory trust organized under the laws of Delaware and is a citizen of Delaware within the meaning and intent of 28 U.S.C. §§ 1332 and 1335.  The Mitan Trust may be served through its trustee, Wilmington Trust Company, Corporate Trust Administration, 1100 North Market Street, Wilmington, DE 19890-0001.

3.     The Trustee is a corporation organized under the laws of Delaware and is a citizen of Delaware within the meaning and intent of 28 U.S.C. §§ 1332 and 1335.  The Trustee may be served through its registered agent, Wilmington Trust Company, at 1100 North Market Street, Wilmington, DE 19890-0001.

## JURISDICTION AND VENUE

4.     This suit presents a case of actual controversy within the diversity jurisdiction of this Court.

5.     Phoenix is a citizen of the State of Connecticut.

6.     The Mitan Trust is a citizen of the State of Delaware and is subject to the jurisdiction of the Court.  The Trustee is a citizen of the State of Delaware and is subject to the jurisdiction of the Court.

7.     This Court has diversity jurisdiction of this action, as Phoenix, on the one hand, and the Mitan Trust and Trustee, on the other hand, are citizens of different states and, as set out more fully below, the amount in controversy exceeds $75,000, exclusive of interest, attorneys' fees, and costs.  Therefore, this Court has jurisdiction by virtue of 28 U.S.C. § 1332.

8.     This Court has jurisdiction for the declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."

9.     Venue is proper for this action, since the Mitan Trust is a Delaware statutory trust, the Trustee is a Delaware corporation, and the insurance policies at issue are governed by Delaware law.

## FACTUAL BACKGROUND

10.    Phoenix is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the State of Delaware.

11.    On January 17, 2006 the Mitan Trust, by and through its Trustee, Wilmington Trust Company, applied in writing to Phoenix seeking the issuance of two insurance policies, insuring the life of W. Jason Mitan ("Mitan"). As a result of the Applications and in reliance on the information provided therein, Phoenix issued two policies of life insurance, numbers 97516153 and 97516147 (the "Policies"), each with an effective date of January 26, 2006. The Policies' death benefits exceed $75,000.

12.    In completing the Applications, Mr. Mitan and the Mitan Trust, through its Trustee, provided Phoenix material information regarding Mr. Mitan's background, earned income, net worth and life insurance history and status. Mr. Mitan and the Defendants knew that they were required to provide complete, accurate and honest answers to the questions presented on the Applications. Mr. Mitan and the Defendants also knew that Phoenix would rely upon the answers recorded on the Applications in determining whether Mr. Mitan was insurable and qualified for the Policies.

13.    The Applications contained the following affirmation:

> I have reviewed this application, and the statements made herein are those of the proposed insured and all such statements made by the proposed insured in Part I or and in Part II of this application are full, complete, and true to the best knowledge and belief of the undersigned and have been correctly recorded. * * * Any person who, with intent to defraud or knowing that he/she is

> facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement may be guilty of insurance fraud as determined by a court of competent jurisdiction.

Mr. Mitan and the Defendants executed the Applications on January 17, 2006.

14.    The Applications requested material information regarding, among other things, Mr. Mitan's earned income, net worth, life insurance history and status, and whether he had ever been convicted of a felony. Mr. Mitan provided responses to each of these queries. The responses were materially incorrect and/or fraudulent.

15.    On the basis of the statements and representations on the Applications and in reliance upon Mr. Mitan's and the Defendants' complete candor, honesty and openness in disclosing information in response to the questions presented on the Applications, Phoenix approved the issuance of the Policies. As noted, however, the statements made during the application process with respect to Mr. Mitan's earned income, net worth, life insurance history and status, and criminal history were materially incorrect or fraudulent. Mr. Mitan knew or had reason to know of the falsity of these representations. The misrepresentations were each material to the risk Phoenix assumed. Had Mr. Mitan and the Defendants been truthful when completing the Applications, Phoenix would not have issued the Policies or would have done so on materially different terms. As a result of the Policies' issuance, Phoenix paid commissions to its sales representatives that it otherwise would not have paid but for the sale.

16.    Phoenix has attempted to verify the information on the Applications regarding Mr. Mitan's earned income, net worth, and criminal background. Phoenix's efforts have been met with resistance and non-cooperation. Phoenix

brings this action seeking rescission of the Policies and an order declaring each void *ab initio*.

## DECLARATORY JUDGMENT

17.    Phoenix incorporates herein by reference each of its allegations contained in Paragraphs 1–16 above.

18.    Pursuant to the federal Declaratory Judgment Statute, 28 U.S.C. § 2201, Phoenix seeks a declaratory judgment that the Policies are null, void and rescinded *ab initio* due to the fraudulent and/or material misrepresentations and omissions that Mr. Mitan and Defendants made on the Applications, and that as a result of said rescission, Phoenix may deposit with the Clerk of the Court all premiums paid on the Policies along with required interest, if any.  Phoenix also seeks its fees pursuant to the Declaratory Judgment Statute.

## RELIEF REQUESTED

WHEREFORE, due to the above-referenced fraudulent and/or material misrepresentations, Phoenix demands judgment against the Mitan Trust and the Trustee, as follows:

(a)    an order declaring and adjudging the policies of life insurance bearing Policy Numbers 97516153 and 97516147 to be null and void and rescinded, *ab initio*;

(b)    an order that Phoenix deposit with the Clerk of the Court all premiums paid on the Policies along with required interest, if any;

(c)    an order that the Clerk of the Court pay to Phoenix from the premiums deposited an amount equal to the commissions paid by Phoenix to the agents or sale representatives arising out of or relating to the sale of the Policies; and

(d)    an order awarding cost of suit and reasonable attorneys' fees pursuant to the Federal Declaratory Judgment Statute and such other relief as the Court deems equitable and just to Phoenix.

ASHBY & GEDDES

Richard D. Heins (#3000)
Tiffany Geyer Lydon (#3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888 (Telephone)
(302) 654-2067 (Facsimile)
rheins@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys For Plaintiff*
*PHL Variable Insurance Company*

*Of Counsel:*

David T. McDowell
BRACEWELL & GIULIANI LLP
South Tower Pennzoil Place
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300 (Telephone)
(713) 221-1212 (Facsimile)

Dated: January 23, 2008
187580.1

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

PHL VARIABLE INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Richard D. Heins, ASHBY & GEDDES, 500
Delaware Ave., Wilmington, DE 19801 (302) 654-1888

## DEFENDANTS

JASON MITAN INSURANCE TRUST JANUARY 2006 and WILMINGTON TRUST COMPANY, TRUSTEE

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability / ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations / ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - / ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332, 28 U.S.C. §§2201, 2202

Brief description of cause: Action to declare life insurance policies null and void and rescinded, ab initio due to fraudulent and/or material misrepresentations.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
January 23, 2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 0 8 – 4 6

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___ 2 ___ COPIES OF AO FORM 85.

1/23/08
(Date forms issued)

(Signature of Party or their Representative)

John D. Ritter
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action