IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHL VARIABLE INSURANCE COMPANY,<br><br>       Plaintiff<br><br>v.<br><br>JASON MITAN INSURANCE TRUST JANUARY 2006 and WILMINGTON TRUST COMPANY, TRUSTEE<br><br>       Defendants. | C.A. NO.: 08-46-GMS |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

Defendants Jason Mitan Insurance Trust January 2006 ("Mitan Trust") and Wilmington Trust Company, as Trustee ("Wilmington Trust", collectively with the Mitan Trust, the "Defendants") respectfully submit this Answer to the plaintiff's complaint for declaratory judgment ("Complaint"). Unless specifically admitted, the Defendants deny each and every allegation in the Complaint. With respect to the enumerated allegations, the Defendants admit, deny, and allege as follows:

### THE PARTIES

1.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and therefore deny the allegations.

2.     The Defendants admit the allegations set forth in Paragraph 2 of the Complaint.

3.     The Defendants admit the allegations set forth in Paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4.     Paragraph 4 of the Complaint contains legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

5. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and therefore deny the allegations.

6. The Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7. The Defendants admit that the Court has subject matter jurisdiction over this matter. The Defendants are without information sufficient to form a belief as to the truth of, and therefore deny, the remaining allegations set forth in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

9. The Defendants admit that venue is proper. The Defendants are without information sufficient to form a belief as to the truth of, and therefore deny, the remaining allegations set forth in Paragraph 9 of the Complaint.

## FACTUAL BACKGROUND

10. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and therefore deny the allegations.

11. The Defendants admit that there exists one or more applications for life insurance dated on or about January 17, 2006, the contents of which speak for themselves. The Defendants admit that plaintiff issued two life insurance policies to the Mitan Trust, policy numbers 97516147 and 97516153, each providing death benefits exceeding $75,000. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of the Complaint, and therefore deny the remaining allegations.

12. With respect to the first sentence of Paragraph 12 of the Complaint, the Defendants state that the contents of the referenced applications speak for themselves. With respect to the second and third sentences of Paragraph 12 of the Complaint, the Defendants deny that the information provided on the referenced applications were incomplete, inaccurate, or dishonest, and are without knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the remaining allegations set forth in the second and third sentences of Paragraph 12 of the Complaint. The Defendants deny each and every other allegation of Paragraph 12 of the Complaint.

13. The Defendants state that the referenced document speaks for itself, and that no further response is required.

14. With respect to the first and second sentences of Paragraph 14 of the complaint, the Defendants state that the referenced documents speak for themselves. The Defendants deny each and every other allegation in Paragraph 14 of the Complaint.

15. With respect to the first sentence of Paragraph 15 of the Complaint, the Defendants are without information sufficient to form a belief as to the truth of, and therefore deny, the allegations. The Defendants deny the allegations in the second, third, and fourth sentences of Paragraph 15 of the Complaint. The Defendants are without information sufficient to form a belief as to the truth of, and therefore deny, each and every other allegation in Paragraph 15 of the Complaint.

16. The Defendants admit that plaintiff purports to bring this action seeking rescission of two life insurance policies and an order declaring each void *ab initio*. The Defendants deny each and every other allegation in Paragraph 16 of the Complaint.

SL1 799835v1/000000.00000

## DECLARATORY JUDGMENT

17.     The Defendants restate and incorporate by reference the responses set forth above in Paragraphs 1 through 16.

18.     The Defendants admit that plaintiff purports to bring this action seeking rescission of two life insurance policies and an order declaring each void *ab initio*.  The Defendants deny that plaintiff is entitled to such declaratory judgment, or to any other relief, whether at law, in equity, or under any theory whatever.  The Defendants specifically deny that plaintiff is entitled to recover its attorneys' fees in this action, whether pursuant to the Declaratory Judgment Act or under any other legal theory.

## RELIEF REQUESTED

The Defendants deny each and every allegation of the Complaint not specifically admitted, including those portions of the Complaint requesting relief.  The Defendants specifically deny that plaintiff is entitled to compensatory damages, specific performance, punitive damages, declaratory judgment, restitution, injunctive relief, attorneys' fees, costs, or any other relief of any kind whatever.

## AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.     Plaintiff's purported causes of action, and each of them, fail to state facts sufficient to constitute a cause of action as to the Defendants.

3.     Through its actions and inaction with regard to the matters alleged in the Complaint, plaintiff is estopped from asserting its affirmative claims and any and all claims it might otherwise have against the Defendants.

4. Plaintiff's purported causes of action, and each of them, are barred by reason of plaintiff's laches in pursuing these claims.

5. The injuries, damages, and/or expenses alleged in the Complaint, none being admitted, were the direct and proximate result of the acts, omissions, negligence, fault and/or breach of duty of plaintiff.

6. The injuries, damages, and/or expenses alleged in the Complaint, none being admitted, were caused solely by the superseding, intervening acts and conduct of the plaintiff, which intervened between the alleged acts and conduct of the Defendants and the claimed damages or liability, barring recovery or liability in whole or in part.

7. Plaintiff's purported causes of action, and each of them, are barred because plaintiff's damages, if any, were caused, in whole or in part, by the conduct, fault and/or negligence of persons or entities other than the Defendants, including, without limitation, plaintiff and/or persons acting on plaintiff's behalf.

8. Plaintiff's purported causes of action, and each of them, are barred by the equitable doctrine of unclean hands.

9. Plaintiff's purported causes of action, and each of them, are barred, in whole or in part, by the defense of accord and satisfaction.

10. Plaintiff's purported causes of action, and each of them, are barred, in whole or in part, by plaintiff's express or implied consent to any and all alleged conduct by the Defendants.

11. Plaintiff's claims are barred by applicable statutes of limitations or incontestability.

12. Plaintiff's claims are barred by the doctrine of waiver.

13. Plaintiff's claims, in whole or in part, are subject to binding arbitration.

SL1 799835v1/000000.00000

14. The Defendants reserve the right to assert any and all affirmative defenses that may develop during the course of this matter, via discovery or otherwise.

WHEREFORE, the Defendants respectfully requests that plaintiff's Complaint be dismissed with prejudice, and that the Defendants be granted their attorneys' fees, costs, expert witness fees, and any appropriate legal and equitable relief to which they may be entitled.


Dated: March 3, 2008                     STEVENS & LEE, P.C.


                                         By: */s/ Joseph Grey*
                                         Joseph Grey (#2358)
                                         1105 North Market Street
                                         Seventh Floor
                                         Wilmington, DE  19801
                                         (302) 654-6180 (Telephone)
                                         (302) 654-5181 (Facsimile)
                                         jg@stevenslee.com

                                         and

                                         Brian P. Brooks
                                         Kyra A. Grundeman
                                         O'MELVENY & MYERS LLP
                                         1625 Eye Street, N.W.
                                         Washington, D.C. 20006
                                         (202) 383-5300 (Telephone)
                                         (202) 383-5414 (Facsimile)


                                         *Attorneys for the Defendants*

6

## CERTIFICATE OF SERVICE

I, Joseph Grey, hereby certify that, on this 3rd day of May, 2008, and in addition to the service provided by the Court's CM/ECF system, I caused true and correct copies of the foregoing Answer to be served by first class United States mail, postage prepaid, upon counsel for the Plaintiff at the following addresses:

> Richard D. Heins, Esquire
> Tiffany Geyer Lydon, Esquire
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> P.O. Box 1150
> Wilmington, DE 19899

> and

> David T. McDowell, Esquire
> Thomas F.A. Heatherington, Esquire
> Jarrett E. Ganer
> BRACEWELL & GIULIANI LLP
> South Tower Pennzoil Place
> 711 Louisiana, Suite 2300
> Houston, Texas 77002

>  /s/ Joseph Grey
> Joseph Grey

SL1 799835v1/000000.00000